Rebecca Holzman and Louis Holzman, Appellants, *v.* Harkavy Beverage Co., Inc., Respondent.

First Department, March 12, 1937.

*Nathaniel Phillips* of counsel [*Bernard Braun* and *S. S. Gold-smith* with him on the brief; *Arthur W. Lichtenstein*, attorney], for the appellants.

*George J. Stacy* of counsel [*James J. Mahoney* with him on the brief], for the respondent.

McAvoy, J. This action was brought to recover damages which Rebecca Holzman claims she sustained as the result of cuts on her left hand and wrist, upon the breaking of a seltzer bottle, and damages sustained by Louis Holzman for loss of his wife's services and consortium.

The complaint contained allegations as to both breach of warranty and negligence. At the end of plaintiffs' case, at defendant's request, plaintiffs elected to proceed upon the theory of negligence.

At the close of the entire case defendant renewed the motion to dismiss the complaint. The trial court held that there was no proof of negligence in this case which required its submission to the jury, and dismissed the complaint upon the merits in both causes of action. The trial court found as matter of law that defendant's tests to eliminate dangerous bottles were adequate.

We think the cause was for jury risk to find whether the tests allegedly made by the defendant were suitable under all the circumstances of the case, and whether the tests were in fact made.

The question of the credibility of the defendant's witnesses also was for the jury's finding.

Upon the entire record the question of whether the defendant was guilty of negligence and whether the plaintiff Rebecca Holzman was free from contributory negligence was not determinable by the court as law.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.